J-S09038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANDRE HUET | : | |
| | : | |
| Appellant | : | No. 2159 EDA 2024 |

Appeal from the PCRA Order Entered July 26, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0131671-1990

BEFORE: LAZARUS, P.J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED APRIL 9, 2025**

Appellant, Andre Huet, appeals from the order entered July 26, 2024, in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After review, we affirm.

The relevant facts and procedural history, as summarized in a previous memorandum of this Court from a prior appeal, are as follows:

> On September 19, 1990, a jury convicted Huett of three counts of aggravated assault, three counts of robbery, and possession of an instrument of crime after he participated in the robbery of a grocery store. On December 18, 1991, the trial court sentenced Huett to an aggregate term of 50 to 100 years of incarceration. He filed a timely appeal to this Court. In an unpublished memorandum filed on July 1, 1993, we affirmed Huett's judgment of sentence and our Supreme Court denied his petition for allowance of appeal on March 7, 1994. ***Commonwealth v. Huet***,

_____

[*] Former Justice specially assigned to the Superior Court.

> 431 Pa. Super. 639, 631 A.2d 1368 (Pa. Super. 1993), appeal denied, 538 Pa. 609, 645 A.2d 1313 (1994). Huett did not seek further review. Thereafter, Huett unsuccessfully litigated PCRA petitions in 1995, 2000, 2005, [] 2008[, and 2014.]

***Commonwealth v. Huett***, 245 A.3d 1051, 2020 WL 7233120, at *1 (Pa. Super. 2020). [1]

Appellant filed the instant *pro se* PCRA petition, his sixth, on August 16, 2023. He alleged unspecific "misdeeds," "misconduct," and "fraud and other crimes" of the Philadelphia Police Department detectives, as well as **Brady**[2] violations. **See** PCRA Petition, 7/16/23, at 3-4. Appellant sought documents that would support his allegations of misconduct against several detectives who he named, and requested the PCRA court hold a hearing on the alleged misconduct. **Id.** at 7-8. On June 27, 2024, the court issued its Rule 907 Notice of Intent to Dismiss which stated that Appellant's petition failed to invoke any of the timeliness exceptions and failed to substantiate his claim that any officer engaged in misconduct while working on his case. Appellant merely attached

---

[1] This Court cannot confirm if Appellant's last name is "Huet" or "Huett." The captions of this appeal and the 1993 appeal spell his last name as "Huet," when the caption of this Court's 2020 memorandum spells it "Huett." Appellant himself has spelled his own name using both spellings across various filings. **See** Appellant's PCRA Petition, 8/16/23, at 9 (signing his name "Andre Huett"); **but see** Appellant's Response to Rule 907 Notice of Intent to Dismiss, 7/18/24 (spelling his last name as "Huet" both in print and on signature line); **see also** Appellant's Br., 10/15/24 (writing "A. Huett" on cover page but signing "A. Huet" on certificate of service).

[2] **Brady v. Maryland**, 373 U.S. 83 (1963).

a list of officers who were accused of misconduct in cases unrelated to Appellant's case. *See* Rule 907 Notice, 6/27/24.

On July 16, 2024, Appellant filed a response where he explained that all he was required to do was allege a fact that he did not previously know, and that he complied with that requirement by attaching the list he discovered of officers who had been accused of misconduct. He requested that the court allow his petition to proceed or to allow him to amend his petition. On July 26, 2024, the PCRA court entered an order dismissing Appellant's PCRA petition as untimely. Appellant filed a timely notice of appeal on August 12, 2024. This appeal follows.

Appellant raises these two issues for our review, verbatim:

1. Did the PCRA Court err in dismissing appellants PCRA petition as untimely filed for failing to plead exception to 42 Pa.C.S.A.§9545(b)([1])(ii)?

2. Did the PCRA Court err in dismissing appellants PCRA petition without an evidentiary hearing?

Appellant's Br. at 5.

When examining a post-conviction court's grant or denial of relief, this Court's review is limited to determining whether the PCRA court's findings are supported by the record, and its order is otherwise free of legal error. *Commonwealth v. Patterson*, 690 A.2d 250 (Pa. Super. 1997). The findings of the PCRA court will not be disturbed unless they lack support from the record. *Commonwealth v. McClucas*, 548 A.2d 573 (Pa. Super. 1988).

Before addressing Appellant's issue on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Appellant's judgment of sentence became final, for purposes of the PCRA, on June 6, 1994. **See** 42 Pa.C.S.A. § 9545(b)(1)-(3); Tr. Ct. Op. at 1. Consequently, Appellant's instant PCRA petition, filed on August 16, 2023, is patently untimely. However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

A petition invoking one of these exceptions must be filed within [one year] of the date the claim could first have been presented. In order to be entitled to the exceptions to the PCRA's one-year filing deadline, *the petitioner must plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe.*

*Commonwealth v. Lawson*, 90 A.3d 1, 4-5 (Pa. Super. 2014) (emphasis added).

Here, Appellant purports to invoke the newly-discovered facts exceptions. He claims that "on or about August of 2022," he became aware of a 2018 article in the Philadelphia Inquirer publishing a list revealed by the Philadelphia County District Attorney's Office. Appellant's Br. at 11. The article contained "allegations of misconduct of Philadelphia police officers, and list[ed] officers not to be called to testify at trial." Appellant's Br. at 12. Appellant argues that the article and list of officers constitute newly-discovered facts that satisfy the exception to the PCRA time-bar. *Id*. We disagree that Appellant can overcome the time-bar.

A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within one year thereafter. *See Albrecht, supra* (holding petitioner failed to demonstrate his PCRA

- 5 -

petition was timely where he did not explain when he first learned of facts underlying his PCRA petition). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. ***Commonwealth v. Fahy,*** 959 A.2d 312, 315 (Pa. 2008); ***Commonwealth v. Vega***, 754 A.2d 714, 718 (Pa. Super. 2000) (stating that this jurisdictional rule is "enforced strictly."). If a PCRA petition invoking the newly-discovered fact exception is not filed within one year of the date that Appellant became aware of the underlying facts, "the [PCRA] court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 753 A.2d 780, 783 (Pa. 2000).

Appellant invoked the Philadelphia Inquirer article as a newly-discovered fact when he filed his PCRA petition on August 16, 2023. Appellant claims that his grand-niece first told him about the article sometime in August 2022. ***See*** PCRA Petition, 8/16/23, at 4 ("the facts were made [known] to [me] by friend an [sic] family member who seen this on Internet[.]"); ***see*** also Appellant's Br. at 11 ("Appellant learned of [the article's] existence including officers in his case on or about August 2022.").

Appellant has failed to meet his burden. Appellant failed to make any assertion that he raised the exception within one year of the date when the claim could have first been brought. ***See*** 42 Pa.C.S.A. § 9545(b)(2). Appellant was required to "plead and prove specific facts that demonstrate his claim was raised within the [one-year] timeframe." ***Lawson, supra***. Thus, for

Appellant's August 16, 2023, PCRA petition to invoke a timeliness exception, he must have demonstrated that August 16, 2023, was within one year of the date he learned of the facts underlying the petition. Appellant does not do so, nor does he state with specificity when he discovered the article and list, a failure which is dispositive in and of itself. **See Albrecht**, 994 A.2d 1094. Appellant's statement that he learned of the facts "on or about August 2022" is not sufficiently specific to explain when he first discovered the facts underlying his PCRA petition. Further, it is impossible to determine if August 16, 2023, was more or less than one year after an unspecified date. Accordingly, Appellant failed to raise his claim satisfying the requirements prescribed in section 9545(b)(2).

Finally, with regard to Appellant's claim that the PCRA court abused its discretion in dismissing his PCRA petition without an evidentiary hearing, we have previously determined:

> There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary. With respect to the PCRA court's decision to deny a request for an evidentiary hearing, or to hold a limited evidentiary hearing, such a decision is within the discretion of the PCRA court and will not be overturned absent an abuse of discretion.

**Commonwealth v. McGarry**, 172 A.3d 60, 70 (Pa. Super. 2017) (internal citations and quotations omitted). Having determined that Appellant did not timely file his PCRA petition or properly invoke a timeliness exception, we discern no abuse of discretion by the PCRA court in denying an evidentiary

- 7 -

hearing. As the PCRA court lacked jurisdiction, we affirm the denial of relief.

*See also Commonwealth v. Katona*, 191 A.3d 8, 16 (Pa. Super. 2018) ("we may affirm if there is any basis on the record to support the trial court's action, even if we rely on a different basis.").

Order Affirmed.

Judge Beck joins the memorandum.

President Judge Lazarus concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/9/2025